1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  RANDY AND MONICA GAROUTTE,
husband and wife, and the marital
11  community composed thereof,

12                          Plaintiffs,

13          v.

14  AMERICAN FAMILY MUTUAL
INSURANCE COMPNAY, an insurance
15  company, et al.,

16                          Defendants.

CASE NO. C12-1787MJP

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS DEFENDANT BEDDOE
AND DENYING PLAINTIFFS'
MOTION TO REMAND

17

18          This matter comes before the Court on Defendants' motion to dismiss individual

19  Defendant Kent Beddoe (Dkt. No. 6) and Plaintiffs' related motion to remand this case to state

20  court (Dkt. No. 8). Having reviewed the motions, the opposition briefs (Dkt. Nos. 13, 15), the

21  reply briefs (Dkt. Nos. 14, 17), and the remaining record, the Court GRANTS Defendants'

22  motion to dismiss Defendant Beddoe and DENIES Plaintiffs' motion to remand.

23

24  ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS DEFENDANT BEDDOE AND
DENYING PLAINTIFFS' MOTION TO REMAND-
1

**Background**

This insurance dispute arose on January 22, 2012, when an accidental fire severely damaged the home of Plaintiffs Randy and Monica Garoutte. (Dkt. No. 1-3 at 2-3.[1]) Plaintiffs held a Homeowner's insurance policy with Defendant American Family Insurance Company ("AFIC"). (Id. at 3.) On July 16, 2012, an appraisal panel determined that $148,605 was necessary for the cost of repairing the structure of the home. (Dkt. No. 8 at 2.)

On September 6, 2012, Plaintiffs filed this action against AFIC and its insurance adjuster, Defendant Kent Beddoe, for breach of the duty of good faith, violation of Washington's Consumer Protection Act, and violations of several insurance claims regulatory provisions of the Washington Administrative Code. (Dkt. No. 1-3 at 4.) After the commencement of this action, AFIC paid the amount due pursuant to the appraisal decision, but declined to compensate Plaintiffs for their personal property damage. (Dkt. No. 13 at 2.) AFIC also declined to pay a vendor, First Choice Response, who had cleaned much of Plaintiffs' personal property after the fire. (Id.)

Defendants removed this matter to this Court on Oct. 11, 2012, asserting diversity jurisdiction. (Dkt. No. 1 at 3.) Plaintiffs ask the Court to remand this case to state court, arguing that while Defendant AFIC is a resident of Wisconsin, Defendant Beddoe is a resident of is a resident of Washington, so diversity jurisdiction is destroyed. (Dkt. No. 8 at 2-3.) Defendants have also filed a motion to dismiss Defendant Beddoe, asserting that, because all actions taken by Defendant Beddoe were in his capacity as an AFIC employee acting within the scope of his employment, there is no cause of action against him. (Dkt. No. 6 at 5.)

---

[1] Plaintiff's use this date in their original complaint, while their motion to remand uses a different date, June 28, 2011. (Dkt. No. 8 at 2.) The difference is immaterial for the present motions.

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS DEFENDANT BEDDOE AND
DENYING PLAINTIFFS' MOTION TO REMAND-
2

**Discussion**

A.  Legal Standards

Any defendant may move to dismiss under Federal Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570(2007); accord Ashcroft v. Iqbal, 556 U.S. 662 (2009). In considering a motion to dismiss, a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. See Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir. 1996).

A defendant may remove any civil action from state court to federal court if the federal court would have had original subject matter jurisdiction. 28 U.S.C. § 1441(a). Federal district courts exercise original diversity jurisdiction over matters where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. 28 U.S.C. § 1332(a). Although removal based on diversity jurisdiction requires complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined,'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Here, Plaintiffs bring three causes of action against Defendants. The first cause of action is for violations of several insurance claims regulatory provisions of the Washington Administrative Code. (Dkt. No. 1-3 at 4.) The second is for violation of Washington's Consumer Protection Act. (Id.) The third is for violation of Washington's Insurance Fair Conduct Act. (Id.)

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS DEFENDANT BEDDOE AND
DENYING PLAINTIFFS' MOTION TO REMAND-
3

1  Plaintiffs fail to state a claim against Defendant Beddoe under each cause of action. His joinder

2  is therefore fraudulent and Plaintiffs' motion is DENIED.

3        B.  Insurance Laws

4        No cause of action exists against Defendant Kent Beddoe under Washington's Insurance

5  Fair Conduct Act or other state insurance regulations because Beddoe acted within the scope of

6  his employment. See Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003). In

7  Mercado, the Ninth Circuit held that an employee of an insurance company had been

8  fraudulently joined because she was being sued on the basis of actions within the scope of her

9  employment. Id. The Ninth Circuit explained, "[i]t is well established that, unless an agent or

10  employee acts as a dual agent . . . she cannot be held individually liable as a defendant unless she

11  acts for her own personal advantage." Id. Here, Plaintiffs explicitly allege that Defendant Beddoe

12  acted within the scope of his employment. (Dkt. No. 1-3 at 2 ("All acts and omissions of Beddoe,

13  as alleged herein, were performed in the course and scope of his employment with AFIC in the

14  State of Washington."). Therefore, there is no separate cause of action against Defendant

15  Beddoe.

16        Plaintiffs assert that Washington law imposes a duty of good faith that is independent of

17  the duty imposed on their employer. (Dkt. No. 8 at 5.) To support this position, Plaintiffs first

18  cite to a provision of Washington's insurance code that states: "Upon the insurer, the insured,

19  their providers, and their representatives rests the duty of preserving inviolate the integrity of

20  insurance." (Id., citing RCW 48.01.030 (emphasis added by Plaintiffs).) However, the text of this

21  sentence makes clear that it does not create a cause of action against representatives of insurance

22  companies; otherwise, it would also create a cause of action for bad faith against "the insured."

23  Id. Plaintiffs next cite Judge Lasnik's decision in Lease Crutcher v. Nation Union Fire Ins. Co.,

24

1  which considered the duties of third-party companies in insurance contracts. C08-1862RSL,

2  2009 WL 3444762 *2 (W.D. Wash. Oct. 20, 2009). But that decision explicitly confined its

3  reasoning to the duties of third-party corporate entities, not to individuals directly employed by

4  insurers. Id. at *3n.1. It therefore does not support Plaintiffs' position.

5         Plaintiffs next cite to the case of Eastwood v. Horse Harbor Found., Inc., where the

6  Washington Supreme Court held that an employee of a lessee could be held individually liable

7  for the tort of waste even though he was acting within the scope of his employment. 170 Wn.2d

8  380, 400 (2010). In Eastwood, the Court explained that "the duty to not cause waste is a tort duty

9  that arises independently of a lease agreement[.]" Id. at 399. But here, unlike in Eastwood,

10 Plaintiffs do not show that Defendant Beddoe had any duty that arose independently of his

11 employer's duties. Id.

12        Washington's Insurance Fair Conduct Act creates a cause of action for insurance

13 customers who are "unreasonably denied a claim for coverage or payment of benefits by an

14 insurer[.]" RCW 48.30.015. The IFCA defines "insurer" as a "person engaged in the business of

15 making contracts of insurance[.]" RCW 48.01.050. Here, Plaintiffs have not alleged any facts to

16 suggest Defendant Beddoe meets the statutory definition of an insurer so that he can be sued

17 individually under IFCA, so Plaintiffs' claim against Defendant Beddoe for violations of IFCA

18 fails.

19        C.  Consumer Protection Act

20        Plaintiffs also cannot maintain an action against Defendant Beddoe for violations of

21 Washington's Consumer Protection Act. RCW 19.86. It is settled law that "the CPA does not

22 contemplate suits against employees of insurers." Int'l Ultimate v. St. Paul Fire & Marine, 122

23 Wn. App. 736, 758 (2004). Plaintiffs cite no cases to the contrary. (See Dkt. No. 8 at 6, citing

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS DEFENDANT BEDDOE AND
DENYING PLAINTIFFS' MOTION TO REMAND-
5

1   Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp., 122 Wn.2d 299, 312

2   (1993) and Panag v. Farmers Ins. Co. of Washington, 166 Wn.2d 27, 41-44 (2009).) As a result,

3   Plaintiffs have failed to state a claim against Defendant Beddoe for violating the CPA.

4                                        **Conclusion**

5          No cause of action exists against Defendant Kent Beddoe under Washington's Insurance

6   Fair Conduct Act or any other insurance regulations because Beddoe acted within the scope of

7   his employment. Plaintiffs also cannot maintain an action against Defendant Beddoe for

8   violations of Washington's Consumer Protection Act because the CPA does not contemplate

9   suits against employees of insurers. Because Plaintiffs fail to state a claim against Defendant

10  Beddoe, the Court GRANTS Defendants' motion to dismiss Defendant Beddoe and DENIES

11  Plaintiffs' motion to remand this case.

12         The clerk is ordered to provide copies of this order to all counsel.

13         Dated this 19th day of January, 2013.

14

15

16                                          Marsha J. Pechman

17                                          United States District Judge

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS DEFENDANT BEDDOE AND
DENYING PLAINTIFFS' MOTION TO REMAND-
6