UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY AND MONICA GAROUTTE,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

CASE NO. C12-1787 BHS

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on American Family Insurance Company's ("American Family") motion for partial summary judgment (Dkt. 33) and Plaintiffs Monica and Randy Garoutte's ("Garouttes") motion for partial summary judgment (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the Garouttes' motion and denies American Family's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 8, 2012, the Garouttes filed a complaint in King County Superior Court for the State of Washington. Dkt. 1, ¶ 1.

1    On October 11, 2012, American Family removed the matter to this Court.  Dkt. 1.

2    On April 9, 2013, the Garouttes filed an Amended Complaint alleging that
3    American Family did not fully compensate them under the contract of insurance and
4    asserting causes of action for violations of the Washington Administrative Code 284-30-
5    300, *et seq.*, the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86,
6    bad faith, and violations of the Washington Insurance Fair Conduct Act, RCW 48.30.015.
7    Dkt. 30.

8    On June 3, 2013, American Family filed a motion for partial summary judgment.
9    Dkt. 33.  On June 24, 2013, the Garouttes responded.  Dkt. 39.  On June 28, 2013,
10   American Family replied.  Dkt. 45.

11   On June 6, 2013, the Garouttes filed a motion for partial summary judgment.  Dkt.
12   35.  On June 24, 2013, American Family responded.  Dkt. 42.  On June 28, 2013, the
13   Garouttes replied and included a motion to strike material American Family submitted
14   with its response.  Dkt. 48.

15                          **II. FACTUAL BACKGROUND**

16   On January 22, 2012, the Garouttes' home was severely damaged by an accidental
17   fire when the walls superheated and combusted internally.  Dkt. 35 at 15–19, Declaration
18   of Monica Garoutte ("Garoutte Dec."), ¶ 2.  At the time of the fire, the Garouttes' home
19   was insured by American Family.  *Id.* ¶ 3.  The relevant portions of the insurance policy
20   that are in dispute are as follows:

21       ADDITIONAL LIVING EXPENSE. If a covered Section I loss
     makes the part of the residence premises that you reside in uninhabitable,
22   we will pay any necessary increase in living expense you incur to maintain

> your household's normal standard of living. The limit for this coverage is the actual loss you incur within 24 months following the date of loss. Payment will be for the shortest time required to repair or replace the damaged property. If you permanently relocate, payment will be for the shortest time required to do so.
>
> ***
>
> APPRAISAL. If you and we fail to agree on the amount of damages as the result of a covered loss, either may demand that the amount of the loss be set by appraisal. In this event, each party will choose a competent and disinterested appraiser within 20 days after receiving a written request from the other. The two appraisers will choose a competent and disinterested umpire. If they cannot agree on an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. We will pay our appraiser. You will pay your appraiser. Other expenses and the compensation of the umpire will be paid equally by you and us.

Dkt. 35, Exh. A.

The Garouttes submitted a claim to American Family. Garoutte Dec., ¶ 5. Around March of 2012, American Family issued a check to the Garouttes for $38,285.70 as full payment for the value of the structure damage. *Id*. ¶ 21. The Garouttes disagreed with that amount and exercised their rights under the APPRAISAL clause of the insurance contract. On July 6, 2012, a three-person appraisal panel unanimously found that the Garouttes should have been paid $127,689.04 for the actual cash value of the structure damage. Dkt. 35, Exh. B. On September 11, 2012, the Garouttes received the additional $88,403.34 in accordance with the appraisal award. Garoutte Dec., ¶ 21.

Under the ADDITIONAL LIVING EXPENSE provision, American Family paid the Garouttes' qualifying expenses through August of 2012. Garoutte Dec., ¶ 18.

ORDER - 3

### III. DISCUSSION

**A.     Motion to Strike**

The Garouttes move to strike four exhibits American Family submitted in support of its response. Dkt. 48 at 1–2. While the Garouttes are correct that the exhibits in their current form are inadmissible hearsay, the evidence may be admissible at trial by calling the declarant. American Family's counsel mistakenly attached the documents to the declaration of an attorney instead of the declaration of the declarants. Therefore, the Court denies the Garouttes' motion to strike because the documents could possibly be admitted at trial.

**B.     Summary Judgment**

The Garouttes move for partial summary judgment on the issues of whether American Family (1) breached the contract of insurance, (2) violated WAC 284-30-330(7), and (3) violated IFCA. Dkt. 35. American Family moves for partial summary judgment on the Garouttes' claim for violations of IFCA and claim for attorney's fees. Dkt. 33.

**1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.    The Contract**

In this case, the Garouttes argue that American Family breached the insurance contract in two ways: (1) by failing to honor the appraisal award and (2) ceasing payments for additional living expenses. Dkt. 35 at 7. When interpreting a contract, the court should seek to determine and to effectuate the parties' mutual intent. *Berg v. Hudesman*, 115 Wn.2d 657, 663 (1990). Interpretation of a contract provision is usually a question of fact. *Martinez v. Kitsap Pub. Servs., Inc.*, 94 Wn. App. 935, 943 (1999).

In this case, the insurance contract imposed at least two duties on American Family. First, American Family had a duty to "promptly" pay the appraisal award. It is undisputed that American Family paid the award 57 days after it was issued. Based on this "delay," the Garouttes ask the Court to conclude that American Family breached the appraisal provision of the policy." Dkt. 35 at 7 & 48 at 2. The Garouttes fail to offer an interpretation of "promptly" and simply argue that under any reasonable interpretation 57 days is not "promptly." This argument appears to be a failure to perform argument instead of a contract interpretation argument. However, even if this could be construed as a question of contract interpretation, the Garouttes have failed to show that as a matter of law the parties intended "promptly" to mean a period of time less than 57 days. Therefore, the Court denies the Garouttes' motion on this issue.

Second, American Family had a duty to pay additional living expenses. Specifically, the contract provides that American Family will pay such expenses "for the shortest time required to repair or replace the damaged property." Dkt. 35 at 5. It is undisputed that American Family stopped paying these expenses once the Garouttes filed

this action. The Garouttes argue that they are entitled to summary judgment that American Family breached the duty to pay the expenses. American Family provides two responses, one based on interpretation of the contract and one based on the filing of this action. With regard to the former, American Family asserts that it was only obligated to pay three months worth of additional living expenses based on the estimate in the appraisal award that the repairs could be completed in three months. Dkt. 42 at 4–5. Although American Family does not provide any legal analysis for its position, it is essentially arguing that the Court should construe the phrase "shortest time required to repair or replace the damaged property" to mean actual construction time. Even if this was a "reasonable" construction that created an ambiguity in the contract, the Court must interpret insurance contracts in favor of the insured. *Shotwell v. Transamerica Title Ins. Co.*, 91 Wn.2d 161, 167 (1978); *Panorama Vill. Condo. Owners Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 137 (2001). Under the facts of this case, the Court finds that the time required to repair the damaged property includes (1) the time to fully assess the damage; (2) the time the parties participated in the appraisal determination, especially because the Garouttes ultimately prevailed; (3) the time between when the appraisal award issued and the Garouttes actually received full payment of the award; and (4) the time to complete the repairs on the structure. Therefore, the Court finds American Family's position is without merit.

American Family's other response is that the parties were in an adversarial position once litigation commenced and the dispute was under the control of the courts. Dkt. 42 at 5. American Family cites *Blake v. Federal Way Cycle Center*, 40 Wn. App.

1  302, 312 (1985), in support of its proposition.  *Blake* is easily distinguishable because it
2  involved a Consumer Protection Act claim and the court held that the action in question
3  did not occur in commerce.  This rule has no application to the current set of facts, and
4  the Court declines to adopt a rule that performance under an insurance contract need not
5  occur once a complaint is filed by one party to the contract.[1]  Therefore, the Court grants
6  the Garouttes' motion for summary judgment on the issue of whether American Family
7  breached the contract by failing to pay additional living expenses as set forth in the
8  contract.

   **3.     Good Faith**

10  The Garouttes moved for summary judgment on the issue of whether American
11  Family breached its duty of good faith.  Dkt. 35 at 8.  American Family failed to respond
12  to this portion of the Garouttes' motion.  *See* Dkt. 42.  If an opposing party fails to
13  respond to a motion, the Court may consider such failure as an admission that the motion
14  has merit.  Local Rule CR 7(b)(2).  While it is highly unusual that an insurance company
15  would fail to respond on the issue of bad faith, the Court will consider such failure as an
16  admission that the motion has merit.

17  An insurer breaches its duty of good faith if its actions were unreasonable,
18  frivolous, or unfounded.  *Mutual of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.*, 161
19  Wn.2d 903, 916 (2007).  In this case, the Garouttes argue that there "was no reasonable
20  basis for [American Family] to fail to pay the appraisal award and halt all payments for

---

[1] Such a rule would be absurd as it would allow an insurance company to refuse to honor the duty to defend by filing a declaratory judgment action.

1  additional living expenses." Dkt. 35 at 8.  The Court agrees as to additional living

2  expenses, but disagrees as to the appraisal award because questions of fact remain on this

3  issue.  Therefore, the Court grants the Garouttes' motion for summary judgment on their

4  claim for bad faith on the issue of additional living expenses.

5      **4.    IFCA**

6      IFCA provides a cause of action to a "first party claimant to a policy of insurance

7  who is unreasonably denied a claim for coverage or payment of benefits by an insurer

8  ...."  RCW 48.30.015(1).  Such a person "may bring an action in the superior court of this

9  state to recover the actual damages sustained, together with the costs of the action,

10 including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of

11 this section." *Id*.  The following two paragraphs of the statute permit recovery of treble

12 damages and attorneys' fees if the plaintiff can show either an unreasonable denial of

13 coverage or payment or a violation of one of several enumerated WAC provisions.  RCW

14 48.30.015(2), (3).  One of the enumerated WAC provisions prohibits

> [c]ompelling a first party claimant to initiate or submit to litigation,
> arbitration, or appraisal to recover amounts due under an insurance policy
> by offering substantially less than the amounts ultimately recovered in such
> actions or proceedings.

WAC 284-30-330(7).

In this case, the Garouttes assert that American Family violated IFCA and the WAC.  The Court agrees.  American Family unreasonably denied the Garouttes the benefit of additional living expenses.  Moreover, American Family compelled the Garouttes to submit the disputed losses to an appraisal and ultimately recovered over

ORDER - 9

three times as much as American Family originally offered.  Therefore, the Garouttes have shown that they are entitled to judgment as a matter of law on both elements of their IFCA claim.  American Family counters that it should be entitled to rely on its expert's opinion when compelling an appraisal.  If that was the only issue in dispute, American Family would most likely prevail on the IFCA claim.  *See, e.g., Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. C08-1862RSL, 2010 WL 4272453, at \*5 (W.D. Wash. Oct. 15, 2010)  ("A violation of WAC 284-30-030 may justify the imposition of treble damages under RCW 48.30.015(2) and/or an award of fees and costs under RCW 48.30.015(3), but an underlying denial of coverage is still required [to violate IFAC].").  It is the violation of the WAC *combined* with the failure to pay additional living expenses that violate IFCA.  Therefore, the Court grants the Garouttes' motion for summary judgment on their IFCA claim.

### 5. American Family's motion

American Family's motion is based on the Court finding that there was no denial of coverage.  Dkt. 33.  The Court, however, has found that American Family denied coverage under at least one provision of the contract.  Moreover, the Garouttes did not specify the theory under which they are entitled to attorney's fees (*see* Dkt. 30 at 6), and they may be entitled to attorney's fees under IFCA.  Therefore, the Court denies American Family's motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that American Family's motion for partial summary judgment (Dkt. 33) is **DENIED** and the Garouttes' motion for partial summary judgment (Dkt. 35) is **GRANTED**.

Dated this 23rd day of July, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge