1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY and MONICA GAROUTTE,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

Defendant.

CASE NO. C12-1787 BHS

ORDER DENYING
DEFENDANT'S MOTIONS,
RENOTING PLAINTIFFS'
MOTIONS, AND TO SHOW
CAUSE

14

15

16

17

18

19

20

This matter comes before the Court on Defendant American Family Mutual

Insurance Company ("American Family") motion for protective order re: work product

(Dkt. 55), motion for protective order re: 30(b)(6) witness (Dkt. 61), motion for

protective order re: proprietary documents (Dkt. 62), motion to expedite (Dkt. 70)[1],

motion to stay (Dkt. 68), and Plaintiffs Monica Garoutte and Randy Garoutte's

("Garouttes") motion to compel (Dkt. 57).  The Court has considered the pleadings filed

21

22

[1] The motion is denied because "Motions to shorten time have been abolished."  Local
Rule 6(b).

1  in support of and in opposition to the motions and the remainder of the file and hereby

2  denies American Family's motions, renotes the Garouttes' motion, and allows American

3  Family to show cause, if any there may be, for the reasons stated herein.

4  ## I. PROCEDURAL HISTORY

5        On September 8, 2012, the Garouttes filed a complaint in King County Superior

6  Court for the State of Washington.  Dkt. 1, ¶ 1.

7        On October 11, 2012, American Family removed the matter to this Court.  Dkt. 1.

8        On April 9, 2013, the Garouttes filed an Amended Complaint alleging that

9  American Family did not fully compensate them under the contract of insurance and

10  asserting causes of action for violations of the Washington Administrative Code 284-30-

11  300, *et seq.*, the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86,

12  bad faith, and violations of the Washington Insurance Fair Conduct Act, RCW 48.30.015.

13  Dkt. 30.

14        On June 3, 2013, American Family filed a motion for partial summary judgment.

15  Dkt. 33.  On June 6, 2013, the Garouttes filed a motion for partial summary judgment.

16  Dkt. 35.  On July 23, 2013, the Court denied American Family's motion and granted the

17  Garouttes' motion on the issue of bad faith.  Dkt. 50.  On September 9, 2013, American

18  Family appealed the Court's order.  Dkt. 58.

19        Currently before the Court are the parties' various discovery motions (Dkts. 55,

20  57, 61, 62) and American Family's motion to stay pending the conclusion of its appeal

21  (Dkt. 68).

22

## II. DISCUSSION

**A.    Stay**

Without citing any authority, American Family moves for a stay of "all litigation" while the Ninth Circuit Court of Appeals considers American Family's appeal.  Dkt. 68. First, American Family's appeal appears to be procedurally improper because the order appealed did not dispose of the action and American Family did not seek discretionary certification from this Court.  Second, the appeal is currently subject to a show cause order by the Ninth Circuit because of procedural issues.  Regardless, American Family has failed to show any reason why this action should be stayed.  Therefore, the Court denies the motion to stay.

**B.    Proprietary Documents**

American Family seeks an order protecting its claim handling and training materials that were requested by the Garouttes.  Dkt. 62.  With regard to the relevance of these materials, the Court assumes that such materials would be relevant and must be produced.  The parties, however, have failed to file the materials with the Court, precluding the Court from making a legal determination as to any specific document. With regard to whether the materials contain proprietary information, the Court assumes that such materials would qualify for some protection.  American Family's counsel represents to the Court that the parties dispute whether the Garouttes' counsel may use such documents in future litigation.  Dkt. 62-2, ¶ 4.  If that issue were to come before the Court, the Court would most likely rule in American Family's favor based upon similar documents produced and protected in similar insurance coverage cases.  Moreover, the

1   Court provides sample protective orders on the Court's website for such situations.

2   Therefore, the Court denies American Family's motion solely because it is unable to

3   identify any specific document subject to protection.

4   **C.**     **30(b)(6)**

5        On August 20, 2013, the Garouttes served American Family with a 30(b)(6) notice

6   of deposition outlining twelve categories of "matters known or reasonably available to

7   American Family."  Dkt. 61-1 at 4.  American Family moves for a protective order as to

8   categories 4, 5, 6, 7, & 9.  Dkt. 61.  The Garouttes contend that the Court should deny the

9   motion because American Family failed to meet and confer before filing the motion and

10   because the motion fails on the merits.  The Court agrees on both points and could easily

11   dispose of the motion on the first issue, but will address the merits.

12        First, American Family seeks protection for the Garouttes' request to depose the

13   30(b)(6) witness regarding the industry standard of care.  Dkt. 61 at 4.  American Family

14   argues that the industry standard of care is an issue for an expert, not a corporate

15   representative.  *Id.*  The Garouttes counter that any insurance company should

16   presumably be aware of the standard of care and, if not, then the lack of knowledge is

17   relevant to the allegations in this matter.  Dkt. 64 at 5.  The Court agrees.  Therefore, the

18   Court denies American Family's motion on this issue.

19        Second, American Family seeks protection regarding the third party appraisals.

20   Dkt. 61 at 4.  American Family argues that a 30(b)(6) witness would not have personal

21   knowledge of third party information.  The Court agrees.  However, this is an issue that

22   could have been addressed by the 30(b)(6) witness answering that he or she lacks such

1  knowledge.  Seeking court intervention on such a trivial issue is inappropriate.

2  Therefore, the Court denies American Family's motion on this issue.

3       Third, American Family seeks protection from answering "hypothetical" questions

4  regarding how the situation could have been handled differently and how the insured

5  could have been made whole with the original offer.  Dkt. 61 at 5. It is not clear that the

6  area of inquiry seeks only answers to hypothetical questions.  However, if a witness

7  chooses not to answer a hypothetical or engage in pure speculation, he or she can do so.

8  The issue, however, is not so oppressive or burdensome to seek protection from the

9  Court.  Therefore, the Court denies American Family's motion on this issue.

10      The Garouttes request that the Court award fees for responding to this frivolous

11  motion.  The Court grants that request (Fed. R. Civ. P. 37(a)(5)) and the Garouttes may

12  submit a declaration detailing fees and expenses.

13  **D.     Privileged Documents and Privilege Log**

14      American Family had moved for a protective order "protecting the work product

15  in anticipation of litigation from discovery."  Dkt. 55 at 1.  American Family, however,

16  never specifically identifies what it seeks to protect.  Without any specificity, the Court

17  declines to grant a general blanket protective order of documents that American Family

18  has independently classified as work product.  Therefore, the Court denies American

19  Family's motion.

20      The Garouttes move to compel the production of unprivileged documents and log

21  note entries.  Dkt. 57.  American Family failed to respond to the motion, apparently

22  relying upon its motion to protect privileged documents.  Even if American Family had

ORDER - 5

1    responded, it is questionable whether it could justify its actions in this proceeding.  Based

2    upon the Garouttes' briefs and declarations it appears that American Family has produced

3    a privilege log for materials created between September 24, 2012 and October 11, 2012,

4    but refused to produce a log for any document created after October 11, 2012.  First, the

5    Court should not be asked to compel any party in any matter to produce a privilege log.

6    Such production is basic litigation procedure.  Fed. R. Civ. P. 26(5)(a).  Failure to do so

7    needlessly wastes the parties' and the Court's time and resources.

8         Second, "boilerplate objections or blanket refusals inserted into a response to a

9    Rule 34 request for production of documents are insufficient to assert a privilege."

10   *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d

11   1142, 1148 (9th Cir. 2005).  In such situations, the Ninth Circuit has rejected a per se rule

12   that any privilege is waived and provided factors to "be applied in the context of a

13   holistic reasonableness analysis, intended to forestall needless waste of time and

14   resources, as well as tactical manipulation of the rules and the discovery process."  *Id.* at

15   1149.  At this point, the Court is unable to adequately apply the factors to the facts of this

16   case.  Therefore, American Family may show cause, if any there is, why the Court should

17   not find that American Family has waived any and all objections to the production of the

18   documents the Garouttes have requested.

19        With regard to some of American Family's asserted arguments, the Court is not

20   persuaded that every document created by an insurance company after suit has

21   commenced is protected by the work product privilege.  For example, "courts have noted

22   there is no work product immunity for documents prepared in the regular course of

1  business, as opposed to documents prepared in anticipation of litigation." *Escalante v.*

2  *Sentry Insurance*, 49 Wn. App. 375, 393 (1987), *review denied*, 109 Wn.2d 1025 (1988);

3  *overruled on other grounds, Ellwein v. Hartford Accident and Indemnity Co.*, 142 Wn.2d

4  766 (2001).  It would seem that documents closing or settling a claim, even after

5  litigation has commenced, would be prepared in the regular course of business, as

6  opposed to documents prepared for litigation purposes. Moreover, the insured "is entitled

7  to broad discovery, including, *presumptively* the entire claims file." *Cedell v. Farmers*

8  *Ins. Co. of Washington*, 176 Wn.2d 686 (2013) (emphasis added).  It is American

9  Family's burden to overcome this presumption.

10                              **III. ORDER**

11        Therefore, it is hereby **ORDERED** that American Family's motions for protective

12  orders (Dkts. 55, 61, & 62), motion to expedite (Dkt. 70), and motion to stay (Dkt. 68)

13  are **DENIED**, and the Garouttes' motion to compel (Dkt. 57) is **RENOTED** to

14  November 1, 2013.

15        American Family may show cause, if any there is, as set forth herein by filing a

16  brief no longer than 10 pages no later than November 1, 2013.

17        The Garouttes may file a declaration in support of attorney's fees and expenses as

18  set forth herein.

19        Dated this 24th day of October, 2013.

20

21        _____
          BENJAMIN H. SETTLE
22        United States District Judge

ORDER - 7